# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

EMMANUEL PAUL,

Plaintiff,

v.

CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION,

Defendant.

Case No. CV 20-1693-VAP (JEM)

MEMORANDUM AND ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND

On January 3, 2020, Emmanuel Paul ("Plaintiff"), a state prisoner proceeding pro se, filed a complaint pursuant to 42 U.S.C. § 1983 ("Complaint") in the United States District Court for the Northern District of California. On February 20, 2020, the case was ordered transferred to this Court.

## SCREENING STANDARDS

In accordance with the provisions of the Prison Litigation Reform Act of 1995, the Court must screen the Complaint to determine whether the action: (1) is frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b); 42 U.S.C. § 1997e(c)(1). This screening is governed by the following standards:

A complaint may be dismissed as a matter of law for failure to state a claim for two reasons: (1) the plaintiff fails to state a cognizable legal theory; or (2) the plaintiff has

alleged insufficient facts under a cognizable legal theory. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). In determining whether a complaint states a claim on which relief may be granted, allegations of material fact are taken as true and construed in the light most favorable to the plaintiff. Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1988). However, “the liberal pleading standard . . . applies only to a plaintiff’s factual allegations.” Neitzke v. Williams, 490 U.S. 319, 330 n.9 (1989). “[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.” Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

Although a complaint "does not need detailed factual allegations" to survive dismissal, a plaintiff must provide “more than mere labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.” Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (rejecting the traditional “no set of facts” standard set forth in Conley v. Gibson, 355 U.S. 41 (1957)). The complaint must contain factual allegations sufficient to rise above the “speculative level,” Twombly, 550 U.S. at 555, or the merely possible or conceivable. Id. at 557, 570.

Simply put, the complaint must contain "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. A claim has facial plausibility when the complaint presents enough facts “to draw the reasonable inference that the defendant is liable.” Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). This standard is not a probability requirement, but “it asks for more than a sheer possibility that a defendant has acted unlawfully.” Id. A complaint that pleads facts that are merely consistent with liability stops short of the line between possibility and plausibility. Id.

In a pro se civil rights case, the complaint must be construed liberally to afford plaintiff the benefit of any doubt. Karim-Panahi v. Los Angeles Police Dept, 839 F.2d 621, 623 (9th Cir. 1988). Unless it is clear that the deficiencies in a complaint cannot be cured, pro se litigants are generally entitled to a notice of a complaint’s deficiencies and an opportunity to amend prior to the dismissal of an action. Id. at 623. Only if it is absolutely clear that the deficiencies cannot be cured by amendment should the complaint be

dismissed without leave to amend. Id.; Weilburg v. Shapiro, 488 F.3d 1202, 1205 (9th Cir. 2007).

After careful review and consideration of the Complaint under the relevant standards and for the reasons discussed below, the Court finds that the Complaint must be **DISMISSED WITH LEAVE TO AMEND.**

## ALLEGATIONS OF THE COMPLAINT

Plaintiff names the California Department of Corrections and Rehabilitation ("CDCR") as the sole Defendant. (Complaint at 1.)[1]

It appears that Plaintiff is attempting to assert due process claims based on the adjudication of two rules violation reports ("RVRs"), which were issued against him in July and August 2019 while he was incarcerated at the California Men's Colony ("CMC") in San Luis Obispo, California. (Id. at 4-5.) Plaintiff was found guilty of the charges in the RVRs in September 2019 and assessed a loss of credits. (Id. at 23-31.) Plaintiff argues that he has "a TABE score of 01.7," "did not understand what was going on," and had no one to "help him understand what was going on" in the hearings. (Id. at 5; see also id. at 9.) He also claims that he did not complete the administrative appeals process because his paperwork was mishandled and he was unable to comply with applicable deadlines. (Id.; see also id. at 8.)

Plaintiff asks the Court to order the RVRs removed from his prison file and "reinstate his rel[ea]se date back to normal." (Id. at 6.)

## DISCUSSION

### I. THE COMPLAINT FAILS TO COMPLY WITH FED. R. CIV. P. 8

The Complaint is subject to dismissal for failure to comply with Fed. R. Civ. P. 8. Rule 8(a)(2) requires that a complaint contain "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Twombly, 550 U.S. at 555

[1] The Court refers to the pages of the Complaint as numbered by the CM/ECF system.

(internal citation omitted). To comply with Rule 8, a plaintiff should set forth "who is being sued, for what relief, and on what theory, with enough detail to guide discovery." McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996). Conclusory allegations are insufficient. See Iqbal, 556 U.S. at 678 (Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"; a pleading that "offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do.") (internal quotation marks and citation omitted).

Plaintiff's Complaint does not comply with the standards of Rule 8. His factual recitation is unclear and confusing. He fails to identify any individual defendants or how they were involved in the alleged constitutional violations. Thus, no individual defendant would be able to ascertain the nature and basis of Plaintiff's claims. Plaintiff's failure to plainly and succinctly provide any defendant with fair notice of the bases for his claims violates Rule 8. See Cafasso v. Gen. Dynamics C4 Sys., Inc., 637 F.3d 1047, 1059 (9th Cir. 2011); see also American Ass'n of Naturopathic Physicians v. Hayhurst, 227 F.3d 1104, 1107-08 (9th Cir. 2000) ("[A] pro se litigant is not excused from knowing the most basic pleading requirements.").

Thus, the Complaint should be dismissed with leave to amend for failure to comply with Rule 8.

## II. CLAIMS AGAINST CDCR ARE BARRED BY THE ELEVENTH AMENDMENT

Plaintiff names CDCR as the sole Defendant. (Complaint at 1.) Plaintiff"s claims against CDCR are barred by the Eleventh Amendment.

The Eleventh Amendment bars federal jurisdiction over suits by individuals against a State and its instrumentalities, unless the State consents to waive its sovereign immunity or Congress abrogates it. Pennhurst State School & Hosp. v. Halderman, 465 U.S. 89, 99-100 (1984). To overcome this Eleventh Amendment bar, the State's consent or Congress' intent must be "unequivocally expressed." Pennhurst, 465 U.S. at 99. While California has consented to be sued in its own courts pursuant to the California Tort Claims Act, such consent does not constitute consent to suit in federal court. See BV Engineering

v. Univ. of California, 858 F.2d 1394, 1396 (9th Cir. 1988); see also Atascadero State Hosp. v. Scanlon, 473 U.S. 234, 241 (1985) (holding that Art. III, § 5 of the California Constitution does not constitute a waiver of California's Eleventh Amendment immunity). Finally, Congress has not repealed state sovereign immunity against suits brought under 42 U.S.C. § 1983. Because CDCR is a state agency, it is immune from civil rights claims raised pursuant to Section 1983. See Pennhurst, 465 U.S. at 100 ("This jurisdictional bar applies regardless of the nature of the relief sought."); see also Alabama v. Pugh, 438 U.S. 781, 782 (1978) (per curiam) (the Eleventh Amendment bars claim for injunctive relief against Alabama and its Board of Corrections).

If Plaintiff chooses to file an amended complaint, he should not name CDCR as a defendant. Rather, he should name as defendants those individuals who were personally involved in the alleged constitutional violations. See Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) (no respondeat superior liability under Section 1983); see also Crowley v. Bannister, 734 F.2d 967, 977 (9th Cir. 2013) (must show defendant was personally involved in constitutional deprivation or there is a sufficient causal connection between defendant's wrongful conduct and the constitutional violation).

**III. THE COMPLAINT FAILS TO STATE A DUE PROCESS CLAIM**

Plaintiff appears to allege that the hearings on the RVRs and subsequent appeals process violated his due process rights. The RVRs charged Plaintiff with refusing to fulfill his prison work assignments. Plaintiff complains that he did not understand the proceedings, was not given assistance during the hearings, and his appeals were mishandled.

Prisoners subjected to disciplinary action are entitled to certain procedural protections under the Due Process Clause, although they are not entitled to the full panoply of rights afforded to criminal defendants. See Wolff v. McDonnell, 418 U.S. 539, 556 (1974); see also Superintendent v. Hill, 472 U.S. 445, 455-456 (1985); United States v. Segal, 549 F.2d 1293, 1296-99 (9th Cir. 1977) (prison disciplinary proceedings command the least amount of due process along the prosecution continuum).

Prison disciplinary actions are subject to the following procedural requirements under Wolff: (1) written notice of the charges; (2) a hearing, with at least 24-hours advance notice; (3) a written statement by the fact finders of the evidence relied on and the reasons for taking disciplinary action; (4) the prisoner's right to call witnesses in his or her defense, if doing so would not be unduly hazardous to institutional safety or correctional goals; and (5) legal assistance to prisoners who are illiterate or whose issues are particularly complex. Wolff, 418 U.S. at 556-71.

Plaintiff claims that he has "a TABE score of 01.7," "did not understand what was going on," and had no one to "help him understand what was going on" in the hearing. (Complaint at 5; see also id. at 9.) He also claims that he did not complete the administrative appeals process because he was unable to comply with applicable deadlines. (Id.; see also id. at 8.) Thus, it appears that Plaintiff could state a cognizable due process claim under Wolff. However, Plaintiff's factual allegations are vague and confusing, he has not identified any individuals who were personally involved in the alleged constitutional violations, and he has not stated facts explaining their involvement.

Plaintiff's claims for violations of his due process rights should be dismissed with leave to amend.

*************

For the reasons set forth herein, the Complaint is **DISMISSED WITH LEAVE TO AMEND**.

If Plaintiff desires to pursue this action, he is **ORDERED** to file a First Amended Complaint within **thirty (30) days** of the date of this Order, which remedies the deficiencies discussed above.

If Plaintiff chooses to file a First Amended Complaint, it should: (1) bear the docket number assigned in this case; (2) be labeled "First Amended Complaint"; (3) be filled out exactly in accordance with the directions on the form; and (4) be complete in and of itself without reference to the previous complaints or any other pleading, attachment, or

document. The Clerk is directed to provide Plaintiff with a blank Central District of California civil rights complaint form, which Plaintiff must fill out completely and resubmit.

Plaintiff is advised to follow the directives set forth above. The First Amended Complaint must name and clearly identify each defendant and the action that defendant took that violated Plaintiff's constitutional rights. The Court is not required to review exhibits to determine what Plaintiff's charging allegations are as to each named defendant.

**Plaintiff is admonished that, if he fails to file a First Amended Complaint by the deadline set herein, the Court may recommend that this action be dismissed for failure to prosecute and failure to comply with a Court order.**

DATED: April 30, 2020

*/s/ John E. McDermott*
JOHN E. MCDERMOTT
UNITED STATES MAGISTRATE JUDGE